**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

JERRY A. HOSIER,                         CASE NO. 2:08-cv-426
                                         JUDGE HOLSCHUH
              Petitioner,                MAGISTRATE JUDGE ABEL

v.

VOORHIES, EDWIN, Warden,
Noble Correctional Institution,

              Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus

pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition,

respondent's return of writ, petitioner's traverse, respondent's reply, and the exhibits of

the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this

action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts and procedural

history of this case as follows:

> On December 8, 2004 the Grand Jury for Morgan County, Ohio
> returned an indictment against appellant alleging one count of
> trafficking in LSD in an amount exceeding ten unit doses but
> less than fifty unit doses, a felony of the fourth degree in viola-
> tion of R.C. 2925.03(A)(1)(c)(5); one count of trafficking in
> marijuana, i.e. preparing for shipment or distribution, in an
> amount exceeding two hundred grams but less than one
> thousand grams, a felony of the fourth degree in violation of
> R.C. 2925.03(A)(2)(C)(3)(c); one count of possession of LSD, in
> an amount exceeding fifty unit doses but less than two hun-
> dred fifty unit doses, a felony of the third degree in violation

of R.C. 2925.11(A)(C)(5)(c); one count of possession of marijuana in an amount exceeding two hundred grams but less than one thousand grams, a felony of the fifth degree in violation of R.C. 2925.11(A)(C)(3)(c); and one count of carrying a concealed weapon, a felony of the fourth degree in violation of R.C. 2923.12(A).

Appellant plead not guilty. No pre-trial motions were filed on behalf of appellant; nor did trial counsel file a request for discovery or a request for a bill of particulars. Appellant's case proceeded to a jury trial on May 17, 2005.

Appellant's trial counsel did not make an opening statement to the jury. The sole witness to testify at trial was Sheriff Tom Jenkins.

Sheriff Jenkins testified that on January 25, 2003 officers had received information which led them to believe that appellant had a large quantity of drugs and a loaded handgun in a vehicle. (T. at 26). Officers proceed to the Malta Manufacturing parking lot and placed appellant under arrest. (*Id.* at 29-30; 31). Sheriff Jenkins was not present when appellant was taken into custody. ( *Id.* at 30). Appellant was taken to jail while the officers obtained a warrant to search a Kenworth Tractor Trailer semi-truck and a pick-up truck parked next to the Kenworth. ( *Id.* at 28-29; 30; 38). Sheriff Jenkins remained outside while other officers searched the interior of the semi truck. ( *Id.* at 36-37).

The keys to the truck were found inside the driver's compartment. (T. at 35-36). A temporary license plate tag for the vehicle and a bill of sale for the vehicle were also recovered from the driver's compartment. ( *Id.* at 35; 46). The truck also had a sleeper berth that was six feet deep and extended the width of the driver's compartment. ( *Id.* at 43). Inside this area was a bunk, shelving and a cabinet. ( *Id.*).

A loaded nine millimeter pistol was found on a self. ( *Id.* at 43-44). Sixty unit does of LSD were recovered from inside a greeting card found on the top shelf of the sleeper. ( *Id* . at 45). On the bottom self of the cabinet in the sleeper area officers

recovered a white plastic bag containing two plastic bags. The first plastic bag had four smaller baggies containing marijuana; the second bag contained six baggies of marijuana. (*Id*. at 45-46). The officers did not collect items of personal clothing and hygiene found in the sleeper area of the truck. (*Id.* at 56). Appellant's trial counsel stipulated to the identity and weight of the drugs recovered from the Kenworth truck. (*Id.* at 57).

On direct examination Sheriff Jenkins testified that the bill of sale and temporary license tag for the truck were written out to appellant. (*Id.* at 35). However, on cross examination the witness testified that he was mistaken and in fact a Jeremy Wardreff[1] owned the truck in which the drugs and the handgun were found. (*Id.* at 79-80). The witness further noted that the vehicle was registered to Mr. Wardreff. (*Id.* at 80). The witness further testified that the handgun was in plain view to anyone standing on the steps of the semi's cab and looking inside the window. (*Id.*). Sheriff Jenkins testified that he had seen appellant operate the truck on previous occasions, but he could not remember the dates. (*Id.* at 79). Further the witness admitted that he had not seen appellant sleep in the truck. (*Id.* at 83). However, appellant admitted to the officer that he was asleep in the truck prior to the deputies arriving to arrest him. (*Id.*). Further, appellant requested the return of the keys to the truck after his release from custody so he could use the truck pending disposition of this case. (*Id.* at 35-36). The keys were in fact returned to appellant. (*Id.*).

Appellant did not testify or present any evidence.

The jury returned verdicts of guilty on the charges of trafficking in marijuana, possession of LSD, and possession of marijuana. The trial court sentenced appellant to a term of seventeen months on the trafficking in marijuana count; three years on the possession of LSD count and eleven months on the possession of marijuana count. The trial court ordered the sentences to run concurrently.

---

[1] The record refers to the truck owner as Jeremy Wardrip, and Wardreff, although his affidavit indicates that his name is Wardrip. *See Traverse*.

*State v. Hosier*, 2006 WL 3020322 (Ohio App. 5th Dist. October 20, 2006). Petitioner filed a

timely appeal in which he asserted the following assignments of error:

> I. THE VERDICT IS AGAINST THE MANIFEST WEIGHT
> OF THE EVIDENCE.
>
> II. THE DEFENDANT WAS DENIED HIS RIGHT TO THE
> EFFECTIVE ASSISTANCE OF COUNSEL.

*See id.* On October 20, 2006, the appellate court affirmed the trial court's judgment. *Id.*

Petitioner apparently did not file an appeal to the Ohio Supreme Court.

Petitioner also pursued post conviction relief.

> On March 8, 2006, Appellant filed a Petition for Post-Conviction Relief with the trial court. This Court issued its decision in *State of Ohio v. Jerry A. Hosier,* 5th Dist. No.2005-CA-016, 2006-Ohio-5540, on October 20, 2006, affirming Appellant's conviction. The trial court then denied Appellant's petition for post-conviction relief stating, "The court, having received the opinion of the Court of Appeals in this matter and finding that it now has jurisdiction over the Petition for Judicial Release filed by the Defendant, hereby denies said Petition without hearing." FN2 (Judgment Entry, Nov. 13, 2006). It is from this decision Appellant now appeals.
>
> FN2. We will assume the trial court termed Appellant's petition as a "Motion for Judicial Release" in error.
>
> Appellant raises two Assignments of Error:
>
> "I. THE DEFENDANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL."
>
> "II. THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANT'S PETITION FOR POST CONVICTION

RELIEF BASED UPON THE DENIAL OF THE EFFECTIVE
ASSISTANCE OF COUNSEL."

*State v. Hosier*, 2007 WL 2874047 (Ohio App. 5th Dist. September 25, 2007). On February 6,

2008, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Hosier,*

116 Ohio St.3d 15008 (2008).

On May 5, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in

violation of the Constitution of the United States based upon the following grounds:

> 1. Appellant's Constitutional Right under the 14th Amendment
> of the United States Constitution was violated, when the Fifth
> District Court of Appeals overruled the Appellant's Ineffective
> Assistance of Counsel claim; by applying clearly established
> federal law in an objectively unreasonable manner, violating
> Appellant's Constitutional Rights to Due Process of law, when
> the right legal procedure was recognized and applied in an
> objectively unreasonable manner to the fact[s] in this case.
>
> 2. Defendant-Appellant that has been deprived his
> Constitutional Right of the Effective Assistance of trial counsel
> has been deprived his Constitutional Rights of due Process of
> law and Equal Protection of Law. U.S.C.A. Const. Amends. 5,
> 6, 14.
>
> 3. The Appellant's Constitutional Rights under the 5[th], 6[th], 14th
> Amendments of the United States Constitution was violated,
> when the trial court failed to grant the Appellant's Petition for
> Post Conviction Relief.

It is the position of the respondent that petitioner's claims are without merit.

## MERITS

In claims one, two, and three, petitioner asserts that he was denied the effective

assistance of trial counsel and argues that the Ohio Fifth Court of Appeals erred in rejecting this claim.

The state appellate court rejected petitioner's claim in relevant part as follows:

> Appellant filed his petition for post-conviction relief while his direct appeal was pending before this Court. Appellant stated his petition was based upon matters outside the record, specifically that his trial counsel was ineffective for failing to introduce any evidence at trial or call witnesses, did not demand discovery or the bill of particulars, did not object at trial to the introduction of evidence, did not interview witnesses that could be used at trial, and did not call a witness that could have testified that Appellant did not own or use the truck in which the drugs were found. Appellant attached as exhibits to his petition a Proof of Purchase Affidavit with Jereme J. Wardip listed as the purchaser of the truck in question, the registration card of Jereme J. Wardip for the truck, the affidavit of Jereme J. Wardip, and Appellant's affidavit.

> On October 20, 2006, we affirmed the decision of the trial court in State of Ohio v. Jerry A. Hosier, 5th Dist. No.2005-CA-016, 2006-Ohio-5540. Appellant had also argued in this direct appeal that he was denied his right to the effective assistance of counsel. He maintained that counsel failed to request discovery and a bill of particulars, failed to file any substantive petitions on Appellant's behalf, and failed to adequately cross-examine the State's only witness concerning evidence that Appellant did not own or possess the truck in which the drugs were found on the day in question. While we overruled Appellant's assignment of error, we did find:

> "However, the courts have cautioned that when the record 'is insufficient to show whether the alleged wrongful acts could be considered sound trial strategy,' the matter is best considered in a petition for post conviction relief."

> "Where the issue concerns the substance of out-of-court conversations between the defendant and his counsel, the record and files in the case are often of limited usefulness, and

an evidentiary hearing may be necessary to resolve disputed issues of fact. *State v. Milanovich* (1975), 42 Ohio St.2d 46, 49-50, 327 N.E.2d 504; *Tower v. Phillips,* (11th Cir, 1992), 876 F.2d 807. *Downs-Morgan v. United States*, (11th Cir, 1985), 765 F.2d 1534, 1541. The Ohio Supreme Court has held that if a claim for ineffective assistance of counsel is based upon facts of not appearing in the record, Section 2953.21 of the Ohio Revised Code provides a procedure whereby a criminal defendant can present evidence of counsel's ineffectiveness through an evidentiary hearing. *State v. Copperrider* (1983), 4 Ohio St.3d 226, 228. 'When the record 'is insufficient to show whether the alleged wrongful acts could be considered sound trial strategy,' we will not review the defendant's ineffective assistance of counsel claims for the first time on direct appeal.' *United State v. Kincaide* (6th Cir1998), 145 F.3d 771. (Quoting *United States v. Snow,* 48 F.3d 198,199)."

"The record before us is insufficient to allow us to assess the merits of appellant's assertions of error. The second assignment of error is overruled because we cannot determine on the record before us whether defense counsel violated an essential duty to his client when he did not engage in discovery, present evidence, file substantive petitions and did not adequately cross examine the only witness presented by the State upon the issue of the ownership and possession of the truck. Such a determination can best be made after giving defense counsel an opportunity to explain his reasons for not objecting to the charge. Such testimony can be obtained in a post-conviction proceeding. However, it is for the trial court to decide whether appellant is entitled to an evidentiary hearing if such a petition is filed by appellant. We caution that this Court express no view concerning the likelihood of appellant's success upon any such petition." *Id.* at ¶ 51-53.

On November 13, 2006, the trial court denied Appellant's petition of post-conviction relief without a hearing after it received this Court's decision in *State of Ohio v. Jerry A. Hosier,* 5th Dist. No.2005-CA-016, 2006-Ohio-5540. We must now determine, cognizant of our findings in Appellant's previous appeal, whether the trial court erred in denying Appellant's petition for post-conviction relief without a hearing.

Under R.C. 2953.21, a petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. State v. Jackson (1980), 64 Ohio St.2d 107, 110, 413 N.E.2d 819. In order for an indigent petitioner to be entitled to an evidentiary hearing in a post-conviction relief proceeding on a claim that he was denied effective assistance of counsel, the two-part test in *Strickland v. Washington* (1984), 466 U.S. 668, is to be applied. *Hill v. Lockhart* (1985), 474 U.S. 52, 58; *State v. Lylte* (1976), 48 Ohio St.2d 391; *State v. Bradley* (1989), 42 Ohio St.3d 136; State v. Cole, supra, 2 Ohio St.3d at 114. The petitioner must prove that: (1) counsel's performance fell below an objective standard of reasonable representation; and (2) there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Id.*; *State v. Johnson*, 5th Dist. No.2006-CA-04, 2007-Ohio-1685.

In determining whether a hearing is required, the Ohio Supreme Court in *Jackson, supra,* stated the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavits, the files, and records of the case. "[P]ursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for post-conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun* (1999), 86 Ohio St.3d 279, 291, 714 N.E.2d 905.

In reviewing a trial court's denial of Appellant's petition for post-conviction relief, absent a showing of abuse of discretion, we will not overrule the trial court's finding if it is supported by competent and credible evidence. *State v. Mitchell* (1988), 53 Ohio App.3d 117, 120, 559 N.E.2d 1370. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

Upon review, we find the trial court did not abuse its

discretion in denying Appellant's petition for post-conviction relief without a hearing because the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that Appellant set forth sufficient operative facts to establish substantive grounds for relief. First, as we stated in Hosier, supra, the decisions of Appellant's trial counsel could be termed strategic trial decisions that would not rise to the level of ineffective assistance of counsel. *Hosier*, supra at ¶ 47-50.

Appellant's remaining arguments concern whether Appellant's trial counsel was ineffective for his failure to offer more evidence regarding the ownership of the truck where the drugs were found. We find this matter was resolved in *Hosier, supra*:

"Upon a careful review of the record and upon viewing the direct and circumstantial evidence in the light most favorable to the prosecution, this Court cannot conclude that the jury lost its way and created a manifest miscarriage of justice when it found appellant guilty of the three drug offenses. A reasonable juror could have found that, at the least, appellant had dominion and control over and constructive possession of the truck containing the drugs, and that he had knowledge of the marijuana and LSD found inside the truck. See *Hankerson*, 70 Ohio St.2d at syllabus. The State had presented evidence that appellant asked for and received the keys to the truck upon his release from custody, that the Sheriff had seen appellant operate the truck on previous occasions, and further that appellant admitted to the officer that he was asleep in the truck at the time the officers arrived to arrest him. Thus appellant could have exercised dominion and control over the truck and the contents of the sleeper area of the truck. See, e.g., *State v. King* (Sept. 18, 1996), 9th Dist. No. 95CA006173."

"Viewing this evidence linking appellant to the truck and hence the drugs located inside the sleeper area of the vehicle in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that appellant had committed the crimes as set forth in Counts Two, Three and Four of the indictment."

"We hold, therefore, that the state met its burden of production regarding each element of those crimes and, accordingly, there was sufficient evidence to support appellant's convictions."

"The arguments that appellant may have not owned the truck, nor was it registered in his name, and that the drugs and other items found may not have actually belonged to him, are ultimately inconsequential. See *Smith* at ¶ 13. See, e.g. *State v. Grundy* (Dec. 9, 1998), 9th Dist. No. 19016, citing *State v. Johnson* (July 11, 1990), 9th Dist. No. 14371."

"In *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 81, 461 N.E.2d 1273, the Ohio Supreme Court explained: "[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *See, also State v. DeHass* (1967), 10 Ohio St.2d 230, syllabus 1."

"As an appellate court, we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v.. Jeffries* (February 10, 1982), Stark App. No. CA-5758. Accordingly, a judgment supported by competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578."

"Although appellant cross-examined Sheriff Jenkins to expose that he was mistaken concerning the ownership of the truck, and had no personal knowledge that appellant had slept in the truck, the trier of fact was free to accept or reject any and all of the evidence offered by the appellant and assess the witness's credibility. 'While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence.' *State v. Craig* (Mar. 23, 2000), Franklin App. No. 99AP739, citing *State*

*v. Nivens* (May 28, 1996), Franklin App. No. 95APA09-1236. Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver,* Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21, citing *State v. Antill* (1964), 176 Ohio St. 61, 67, 197 N.E.2d 548.; *State v. Burke,* Franklin App. No. 02AP-1238, 2003-Ohio-2889, citing *State v. Caldwell* (1992), 79 Ohio App.3d 667, 607 N.E.2d 1096. Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492."

"We conclude the trier of fact, in resolving the conflicts in the evidence, did not create a manifest miscarriage of justice so as to require a new trial. Viewing this evidence in a light most favorable to the prosecution, we further conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant possessed marijuana and LSD and that appellant knew or has reasonable cause to believe that the marijuana was intended for sale or resale by the offender or another person." *Hosier,* supra at ¶ 30-37.

Wardip's affidavit submitted with Appellant's petition reiterates the testimony elicited at trial that he was the owner of the truck on the date in question. Wardip's affidavit, however, does not provide any additional evidence regarding the ownership of the drugs located inside the truck.

Accordingly, we find the decision of the trial court to deny Appellant's petition for post-conviction relief to be supported by competent and credible evidence. Reviewing Appellant's petition, supporting affidavits, documentary evidence, files, and records demonstrates that Appellant did not set forth sufficient operative facts to establish substantive grounds for relief.

Appellant's ... Assignment[] of Error [is] overruled.

*State v. Hosier, supra,* 2007 WL 2874047.

The factual findings of the state appellate court are presumed to be correct. 28

U.S.C. 2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States District Court for the Western District of Michigan has summarized this standard as follows:

> [A] decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id*. at 413. A state court decision will be deemed an "unreasonable

> application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state court's adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* Further, the federal habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id*

*Williams v. Lavigne*, 2006 WL 2524220 (W.D. Michigan August 30, 2006), citing *Williams v. Taylor*, 529 U.S. 362 (2000). Petitioner has failed to meet this standard here.

The right to counsel guaranteed by the Sixth Amendment is the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987).

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Strickland*, at 694. "A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Id.* Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Id.* at 697.

Petitioner denies that he told police he had been sleeping in the truck or requested return of the keys to the truck or that he operated the truck. He states that the trial court ordered the truck keys to be returned to him. See Traverse. However, petitioner has failed to meet his burden of rebutting the factual findings of the state appellate court. The state appellate court's decision indicates that petitioner presented, in support of his off-the-record claim of ineffective assistance of counsel, solely "a proof of purchase affidavit with Jereme J. Wardip listed as the purchaser of the truck in question, the registration card of Jereme J. Wardip for the truck, the affidavit of Jereme J. Wardip, and [petitioner's] affidavit." *State v. Hosier, supra,* 2007 WL 2874047. Wardrip's affidavit indicates that he owned the truck, that the door of the truck would not lock, and that the vehicle had been parked at the same location since the temporary tag had expired, in December 2002. *See Affidavit of Jereme Wardrip, Exhibit 3 to Traverse.* Petitioner indicates in his own affidavit that his attorney failed to interview four defense witnesses, waited until the Friday before trial to contact the prosecutor for a witness list, and failed to present documents verifying that petitioner did not own the vehicle at issue. Petitioner additionally states that "he was in the vicinity of the truck" at the time of his arrest "only to attempt a repair to it" and that the property seized from the truck did not belong to him. Petitioner states he had documentation he gave defense counsel showing that he had been at NAPA auto parts earlier

14

that morning, presumably to purchase parts to repair the truck. Petitioner further indicates that he wanted to testify at trial, but defense counsel refused to permit him to testify on his own behalf. Additionally, petitioner indicates that he was not in the truck at the time of his arrest as testified to by Sheriff Jenkins, but under the truck with a torch, repairing the truck. *See Affidavit of Jerry Hosier, Exhibit 4 to Traverse*.

The record fails to indicate that any witnesses would have offered testimony helpful to the defense or that defense counsel's failure to conduct discovery or learn the prosecution's witness list earlier prejudiced the defense. The record does not indicate that petitioner provided any documents from NAPA to show that he was only in the vicinity of the truck to repair it – or why he would have done so if he was not using the truck, as he now contends. Although petitioner has submitted, in support of his claim in these proceedings, what purports to be a handwritten letter to the trial judge in which he states that he is concerned that his attorney is unprepared for trial and needs a continuance to obtain new counsel, nothing in the record reflects that such document was presented in support of his claim in post conviction proceedings, and this Court therefore will not now consider such document here. *See Holland v. Jackson*, 542 U.S. 645 (2004):

> The "unreasonable application" clause of § 2254(d)(1) applies when the "state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). In this and related contexts we have made clear that whether a state court's decision was unreasonable must be assessed in light of the record the court had before it. *See Yarborough v. Gentry*, 540 U.S. 1, ----, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) *(per*

> *curiam)* 124 S.Ct., at 4 (denying relief where state court's application of federal law was "supported by the record"); *Miller-El v. Cockrell*, 537 U.S. 322, 348, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (reasonableness of state court's factual finding assessed "in light of the record before the court"); *cf. Bell v. Cone,* 535 U.S. 685, 697, n. 4, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

*Id.,* at 652. The restrictions of §2254(e)(2)[2] apply when a prisoner seeks relief based on new evidence with or without an evidentiary hearing. *Id.,* citing *Cargle v. Mullin*, 317 F.3d 1196, 1209 (C.A.10 2003); *see also Owens v. Frank*, 394 F.3d 490, 497 (7th Cir.2005)([T]he petitioner must satisfy §2254(e)(2)'s "requirements before he may place new factual information before the federal court.)(citations omitted).

---

[2] 28 U.S.C. 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Further, review of the trial transcript indicates that defense counsel brought out on cross-examination that a bill of sale and registration recovered from the truck indicates that Jeremy Wardreff [sic] owned the truck. *Trial Transcript*, at 79-80. A razor was recovered from the car, but petitioner had a beard, and there was nothing about the hygiene items specifically linking them to petitioner. *Id*., at 85. Sheriff Jenkins stated on cross examination that one of the doors on the truck would not lock and he had no idea how many people had access to the truck in the thirty days prior to petitioner's arrest. *Id*., at 85-86; 88.

In view of Jenkins' testimony that Wardrip owned the truck, submission of additional documents establishing this fact would have been cumulative. *See, e.g., Babel v. Romanowski*, 2008 WL 4427537 (E.D. Michigan September 30, 2008)(counsel's decision not to call witnesses or introduce cumulative evidence did not constitute ineffective assistance of counsel); *Johnson v. Hofbauer,* 159 F.Supp.2d 582, 607 (E.D. Michigan June 18, 2001)(no prejudice from defense counsel's failure to call defense witness whose testimony would have been cumulative ). Likewise, petitioner cannot establish prejudice from defense counsel's failure to call Wardrip to testify that the door of the truck would not lock or that the vehicle had been parked at the same location for thirty days prior to petitioner's arrest when the temporary tag had expired. As noted by the state appellate court, such testimony would have done little to establish that petitioner did not possess the drugs that were seized.

As to petitioner's allegation that he wanted to testify but his attorney refused to

permit him to do so, the trial transcript fails to reflect that petitioner did anything to alert the trial court that he wanted to testify on his own behalf.[3] Therefore, petitioner's waiver of his right to testify is presumed. *See United States v. Stover*, 474 F.3d 904, 908-909 (6th Cir. 2007), citing *United States v. Webber*, 208 F.3d 545, 550 (6th Cir. 2000):

> Although the ultimate decision whether to testify rests with the defendant, when a tactical decision is made not to have the defendant testify, the defendant's assent is presumed. [ *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir.1993) ].... Barring any statements or actions from the defendant indicating disagreement with counsel or the desire to testify, the trial court is neither required to sua sponte address a silent defendant and inquire whether the defendant knowingly and intentionally waived the right to testify, nor ensure that the defendant has waived the right on the record. *Joelson*, 7 F.3d at 177. *See also United States v. Ortiz*, 82 F.3d 1066, 1069 n. 8 (D.C.Cir.1996) (noting the agreement of the First, Third, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits that the trial court does not have a duty to sua sponte conduct an on-the-record colloquy regarding waiver)....

> A defendant who wants to testify can reject defense counsel's advice to the contrary by insisting on testifying, communicating with the trial court, or discharging counsel. *Joelson*, 7 F.3d at 177. At base, a defendant must "alert the trial court" that he desires to testify or that there is a disagreement with defense counsel regarding whether he should take the stand. *Pelzer [ v. United States*, 105 F.3d 659 (table), 1997 WL 12125, at *2 (6th Cir. Jan.13, 1997) (unpublished) ]. When a defendant does not alert the trial court of a disagreement, waiver of the right to testify may be inferred from the defendant's conduct. Waiver is presumed from the defendant's failure to testify or notify the trial

---

[3] Petitioner fairly presented to the state courts in post conviction proceedings. *See Exhibit 7 to Return of Writ.* Because the appellate court did not address the issue, however, this Court conducts a *de novo* review. *See Socha v. Wilson,* 477 F.Supp.2d 809, 819 (N.D. Ohio 2007).

court of the desire to do so. *Joelson,* 7 F.3d at 177.

*Id.*

To the extent that petitioner may be raising an on-the-record claim asserting that his attorney did nothing, such that prejudice should be presumed under *United States v. Cronic,* 466 U.S. 648 (1984), *see Traverse, Exhibits to Traverse,* this claims was not presented on direct appeal, nor did petitioner file an appeal of the appellate court's decision denying his direct appeal to the Ohio Supreme Court, and such claim therefore is not properly before this Court. *See* 28 U.S.C. §2254(b), (c); *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999). Further, while petitioner may have raised this argument in his post conviction appeal to the Ohio Supreme Court, the Ohio Supreme Court does not ordinarily consider claims not raised in the appellate court below. See *Mitts v. Bagley,* 2005 WL 2416929 (N.D.Ohio September 29, 2005) (habeas petitioner's failure to raise a claim in the Ohio Court of Appeals precludes review by the Supreme Court of Ohio), citing *Fornash v. Marshall,* 686 F.2d 1179, 1185 n. 7 (6th Cir.1982) (citing *State v. Phillips,* 27 Ohio St.2d 294, 302, 272 N.E.2d 347 (1971)).

In any event, this claim likewise fails. The presumed prejudice standard of *Cronic* is "reserved for situations in which counsel has entirely failed to function as the client's advocate." *Florida v. Nixon,* 543 U.S. 175, 189 (2004).

> *Cronic* recognized a narrow exception to *Strickland's* holding that a defendant who asserts ineffective assistance of counsel must demonstrate not only that his attorney's performance was deficient, but also that the deficiency prejudiced the defense. *Cronic* instructed that a presumption of prejudice would be in order in "circumstances that are so likely to prejudice the

accused that the cost of litigating their effect in a particular case is unjustified."466 U.S., at 658, 104 S.Ct. 2039. The Court elaborated: "[I]f counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." *Id.,* at 659, 104 S.Ct. 2039; see *Bell v. Cone,* 535 U.S. 685, 696-697, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (for *Cronic's* presumed prejudice standard to apply, counsel's "failure must be complete"). We illustrated just how infrequently the "surrounding circumstances [will] justify a presumption of ineffectiveness" in *Cronic* itself. In that case, we reversed a Court of Appeals ruling that ranked as prejudicially inadequate the performance of an inexperienced, underprepared attorney in a complex mail fraud trial. 466 U.S., at 662, 666, 104 S.Ct. 2039.

*Id.,* at 191. The record fails to reflect such circumstances here.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Mark R. Abel

United States Magistrate Judge